IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-102-TWP-DCP |
| | ) | |
| KENNETH EDWARD BUFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on April 11, 2018, for a hearing on the Defendant's Motion for Pre-sentence Release [Doc. 22], filed on April 2, 2018, and referred [Doc. 23] to the undersigned by District Judge Thomas W. Phillips on April 4, 2018. *See* 28 U.S.C. § 636(b)(3).[1] Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented the Defendant, who was also present.

A person's release or detention pending sentencing is governed by 18 U.S.C. § 3143(a), which requires that a person awaiting sentencing be detained unless (1) the individual's sentencing guideline range indicates that no term of imprisonment be imposed or (2) "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" Here, Defendant Buford faces a potential

---

[1] Although Congress has expressly given magistrate judges the authority to determine the release or detention of individuals pending trial, 28 U.S.C. § 636(a)(2), the authority to determine release or detention post-plea but before imposition of sentence is not mentioned. However, Congress has not listed the determination of release or detention pending sentencing as a matter reserved to district judges. *See* 28 U.S.C. § 636(b)(1)(A). Accordingly, the undersigned finds this matter falls within the catchall provision of any "additional duties as are not inconsistent with the Constitution and laws of the United States," pursuant to 28 U.S.C. § 636(b)(3).

term of incarceration, so the clear and convincing evidence standard applies. "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). In the instant case, the Court finds that the Defendant has failed to meet that burden for the reasons discussed herein.

By way of background, the Court observes that the Grand Jury charged [Doc. 3] Defendant Buford with being a felon in possession of a firearm. The Defendant waived [Doc. 7] his right to a detention hearing when he first appeared in this case on September 19, 2017. On March 3, 2018, Defendant Buford entered a change of plea before Judge Phillips. The Defendant now seeks release on conditions pending his June 27, 2018 sentencing hearing. He contends that he is neither a flight risk nor a danger to the community. At the detention hearing, AUSA Norris argued that the Government strongly opposed Defendant Buford's release. She asserted that he should remain in detention because he is both a danger to the community and a flight risk.

At the April 11 detention hearing, defense counsel proffered that the Defendant could be released on conditions, despite his criminal history. Mr. Sharp stated that Defendant Buford's criminal history largely consists of driving offenses and that he only participated as a facilitator in his one violent conviction for especially aggravated robbery. Moreover, Mr. Sharp argued that there is little to no evidence that the Defendant is a flight risk because his one instance of failure to appear has an unknown disposition. He stated that the Defendant wants to be released in order to assist his mother, who has a severe and debilitating case of scoliosis and has recently been hospitalized for asthma. Mr. Sharp acknowledged that other family members have been assisting the Defendant's mother while the Defendant has been detained. However, Mr. Sharp argued that the Defendant would be able to provide more and consistent care, if released. Finally, Mr. Sharp maintained that the safety of the community would be assured by the following conditions: That

the Defendant live with his mother at her residence and submit to electronic monitoring and/or house arrest. He stated that the Defendant was willing to have whatever other conditions the Court deemed necessary for his release.

AUSA Norris argued that both the nature and the quantity of the Defendant's criminal history reveal that he is a danger to the community. Referring to the Pretrial Services Report, AUSA Norris pointed out that the thirty-year-old Defendant has thirteen prior convictions and twenty-two arrests, which begin at age eighteen. She observed that the defendant incurred additional charges after being arrested for the instant offense. His history includes a conviction for facilitation and soliciting especially aggravated robbery, for which he received an eight-year prison sentence.[2] She noted that at age twenty-two, Defendant was convicted of felony drug possession or sales and, at age twenty-six, he was convicted of simple possession of controlled substances. AUSA Norris asserted that Defendant Buford had arrests for robbery in 2010 and aggravated assault for the alleged strangulation of his current girlfriend (the mother of his child) in 2014 but that both of these charges were dismissed for failure to prosecute. Finally, she observed that the Defendant has admitted guilt in the instant case, which is a serious felony, for which he faces a potential five-year prison sentence. AUSA Norris argued that the Defendant's long and serious criminal history demonstrates that he is unable to conform his behavior to the law.

With regard to the Defendant's risk of nonappearance, AUSA Norris proffered that in addition to a charge of failure to appear in 2014, the Defendant has three instances of probation revocation and that his parole was revoked in 2014. AUSA Norris argued that the Defendant's behavior following his arrest on the instant offense also reveals that he cannot abide by conditions

---

[2] The Court notes that the Pretrial Services Report reveals the Defendant was sentenced to split confinement, consisting of one-year of incarceration and seven years of probation.

of release. She stated that he was arrested by Knox County on May 28, 2016, for being a felon in possession of a weapon and driving on a revoked license. According to AUSA Norris, while on bond for these charges, the Defendant was arrested for simple possession in July 2016, for violation of financial responsibility in October 2016, and for a number of traffic violations in April 2017. She stated that at the time of each of these arrests, the state prosecutor moved for the Defendant's bond to be revoked, but the judge instead increased the amount of his bond.

AUSA Norris questioned the Defendant's stated basis of seeking release in order to assist his mother. She proffered that in a recent monitored jail telephone conversation, the Defendant stated that he hoped to be released in order to settle his affairs, to switch the title of his car, and to spend time with his son. AUSA Norris acknowledged that these reasons were not nefarious but argued that they were not his stated reason of assisting his mother. Also in this regard, AUSA Norris argued that the Defendant's mother already has family members assisting her in the Defendant's absence and that the Defendant's assistance would possibly be a step back for her in light of the fact that he would be leaving again in two months to serve a lengthy prison sentence.

Mr. Sharp responded that the Defendant had mentioned wanting to assist his mother in other telephone calls. After hearing the evidence and the arguments from counsel, the Court took the motion under advisement.

The Court now finds that Defendant Buford has failed to show by clear and convincing evidence that he is not a danger to the community. In analyzing whether there are conditions of release that would reasonably assure the appearance of the Defendant at further proceedings and the safety of others and the community, the Court must evaluate the information presented by the parties in light of the factors in 18 U.S.C. § 3142(g). With regard to the first factor, which is the nature and circumstances of the offense, 18 U.S.C. § 3142(g)(1), the Court finds that the Defendant

entered a guilty plea to being a felon in possession of a firearm on May 28, 2016. Because this offense involves a firearm, the Court finds this factor weighs in favor of detention.

The Court next considers the weight of the evidence against the Defendant. 18 U.S.C. § 3142(g)(2). The Sixth Circuit has instructed that "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). In the instant case, there is significant evidence of the Defendant's dangerousness. First, the Defendant has prior convictions for soliciting and facilitating especially aggravated robbery, which is a violent offense. Defendant also has a felony conviction for manufacturing, possessing, delivering, or sale of controlled substances. In this regard, the Court notes that drug trafficking is inherently dangerous. *United States v. Hernandez*, 2002 WL 1377911, *2 (E.D. Tenn. Feb. 27, 2002) (Edgar, J.) (holding that drug trafficking is inherently dangerous). Second, the Defendant has prior charges for robbery and aggravated assault by strangulation. According to the Pretrial Services Report, the victim of the alleged aggravated assault is the Defendant's current girlfriend, who is also the mother of his child. Third, the Defendant's criminal history is replete with driving offenses, indicating a lack of regard for the safety of the community or the rule of law. Finally, the Defendant has entered a guilty plea to a felony involving a firearm. The Court finds the weight of the evidence of the Defendant's dangerousness to support detention.

The third factor to be considered is the Defendant's history and characteristics. 18 U.S.C. § 3242(g)(3). Of the characteristics listed in the statute, the Court finds only two which are favorable to the Defendant: His lifelong residence in the community and his unremarkable physical and mental health. The Court finds the Defendant's family ties arguably weigh in his favor, because his mother is willing to allow him to live with her and could benefit from his assistance. However, the Court notes that none of the Defendant's family members offered to

serve as a third party custodian for the Defendant and the Defendant was purportedly living with his mother at this residence when he incurred fifteen additional criminal charges between May 2016 and April 2017. Thus, the Court finds that the Defendant's family ties carry little weight.

The remainder of the § 3142(g)(3)(A) characteristics about which the Court has information all weigh in favor of detention. The Defendant reports using marijuana weekly. He also reports having held one job at which he was paid "under the table." In contrast with this sparse employment history, the Defendant has a lengthy criminal history, consisting of thirteen convictions and starting at age eighteen. In addition to the drug and robbery convictions discussed above, the Defendant has six convictions for driving on a revoked license, four of which occurred within a seven-week period in 2007. He also has a conviction for leaving the scene of an accident. Finally, the Court observes that the Defendant has three prior probation revocations, one parole revocation, and numerous pending charges which he obtained while on state bond for the instant offense. This poor record of compliance with conditions of release gives the Court little confidence that the Defendant would abide by any conditions imposed now. The Court finds that the third factor weighs in favor of detention.

The final and fourth factor is the nature and seriousness of the danger that would be posed by the Defendant's release. 18 U.S.C. § 3142(g)(4). The Defendant's lengthy criminal history and record of noncompliance with conditions of release indicate that he would continue to violate the law if released pending his sentencing hearing. Defendant appears to have driven without a license and used marijuana regularly, while released on conditions in the past. Moreover, given the prior allegation of strangulation, the Court is concerned by the fact that, if released, the Defendant would necessarily be in contact with the mother of his child, whom he has expressed a desire to visit. Accordingly, the Court finds that this factor also tips in favor of detention.

The Court has weighed the § 3142(g) factors and finds that the Defendant is a danger to the community.[3] Moreover, the Court has considered the conditions proffered by the Defendant, including that he live with his mother and submit to electronic monitoring and/or house arrest. The Court does not find that these conditions would reasonably protect the safety of the community. In other words, the Defendant has failed to provide clear and convincing evidence that he is unlikely to pose a danger to any person or to the community if released.

Accordingly, the Defendant's Motion for Pre-sentence Release [**Doc. 22**] is **DENIED.** Because the Court has found that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, the Defendant is **ORDERED** to continue to remain in detention until his sentencing hearing. The Defendant remains committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[3] While there is some evidence that the Defendant may also be a risk of nonappearance, the Court makes no finding in this regard.